IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON, | |
| Plaintiff, | 8:18CV73 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Eric M. Robinson ("Robinson") filed a Complaint (filing no. 1) which is captioned as an "In Pro Se Motion for a Special Pleading 'Complaint' (Special Hearing)"[1] and was docketed as an action under 42 U.S.C. § 1983. He has also filed additional motions and supplemental materials. (Filing Nos. 7, 17, 19, 21, 22, & 24–34.) The court granted Robinson leave to proceed in forma pauperis. (Filing No. 16.) The court now conducts an initial review of Robinson's pleadings to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT AND ADDITIONAL PLEADINGS

Robinson filed his Complaint in this action against the State of Nebraska on February 16, 2018. The Complaint itself is a seven-page handwritten document in which Robinson alleges Judge Acton of the Lancaster County Court of Nebraska forged a document in Case Number CR14-9536 and this document is the "genesis of all prior pleadings and arguments bound to Robinson's unlawful incarceration and conviction from 2014 to current day." (Filing No. 1 at CM/ECF p. 2.) The document at issue, attached to the Complaint as "Exhibit 1," is Judge Acton's handwritten entry in the "Case Action Summary" of CR14-9536 dated September 16, 2014, which states "Motion to Withdraw sustained. Bill Chapin appointed to

---

[1] Spelling, punctuation, and capitalization are corrected throughout this Memorandum and Order.

represent defendant." (*Id*. at CM/ECF p. 9.) Robinson alleges that Judge Acton did not adjudicate matters of withdrawal and appointment of counsel on September 16, 2014, but rather a different judge, Judge Foster, adjudicated such matters at a formal hearings conference on September 15, 2014, at which Robinson appeared. (*Id*. at CM/ECF pp. 3–4.) Robinson alleges no order was entered at that formal hearings conference appointing replacement counsel and he did not learn of Judge Acton's "forged" Case Action Summary until he received a copy of the document in November 2017. (*Id*. at CM/ECF pp. 4–5.) Robinson alleges the forged document "'contaminates' all grievance matters with its 'forged' poisonous tree applications from 2014 till present day." (*Id*. at CM/ECF p. 3.) Robinson asks the court to sustain his motion "for a formal hearings conference record, collecting these 'forged' and 'fraud' matters at discussion." (*Id*. at CM/ECF p. 7.)

Attached to Robinson's Complaint are four exhibits totaling 76 pages consisting of various state county and district court records from Robinson's criminal proceedings in those courts along with Robinson's handwritten commentary. In addition, Robinson has filed two supplements (filing nos. 7 & 25) and fourteen motions for supplemental filings (filing nos. 17, 19, 21, 22, 24, & 26–34)[2] totaling approximately 667 pages and consisting of state court records from Robinson's various county and district court proceedings along with Robinson's handwritten or typed commentary, ramblings, and frustrations related to those proceedings. As best the court can decipher from the plethora of pleadings, Robinson claims Judge Acton committed fraud when he entered the September 16, 2014 Case Action Summary tying Bill Chapin to Robinson's criminal action at CR14-9536, and once Bill Chapin was in the picture, the Lancaster County Court and District Court were bound to provide Robinson with his "counsel of choice"

---

[2] The Clerk of Court advised Robinson that two of his motions (filing nos. 17 & 19) were unsigned and therefore deficient. The Clerk of Court directed Robinson to "correct the deficiency" (i.e., file a signed copy of the motion) within 15 days, or the pleading "may be stricken from the record of this case." (TEXT ORDERS, Filing Nos. 18 & 20.) Robinson did not specifically respond to the deficiency notice, but close examination of Robinson's motion in Filing No. 21 reveals that Robinson included a signed copy of the deficient motion from Filing Nos. 17 and 19. Accordingly, the court will consider Filing Nos. 17 and 19, which are essentially identical, in conducting this initial review.

(Chapin) and their failure to do so violates his Sixth and Fourteenth Amendment rights and voids all his criminal prosecutions from 2014 to the present. (*See, e.g.*, Filing No. 21 at CM/ECF p. 18; Filing No. 22 at CM/ECF pp. 2–5, 36.)

As additional background, the court notes that Robinson previously filed an action in this court at Case Number 8:17CV204 seeking a writ of mandamus related to his state criminal proceedings which the court dismissed without prejudice. (*See* Filing Nos. 28 & 29, Case No. 8:17CV204.) Robinson also currently has other pending cases in this court related to his state criminal proceedings. *See* 8:18CV111 (§ 1983 action), 4:18CV3154 (§ 2241 habeas), 8:19CV42 (§ 2241 habeas), and 8:19CV43 (§ 2254 habeas).

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Robinson's Complaint with its hundreds of pages of additional motions and supplemental materials does not comply with Federal Rule of Civil Procedure 8, which states that a pleading must contain "*a short and plain statement of the claim showing that the pleader is entitled to relief.*" (emphasis added) The court has warned Robinson in his previous litigation in this court that he must comply with Rule 8 in any complaint he files against state officials. (*See, e.g.*, Filing No. 28, Case No. 8:17CV204.) In addition to this basic pleading deficiency, the most liberal construction of Robinson's pleadings fails to suggest that he is entitled to relief.

First, Robinson has sued the State of Nebraska. To the extent Robinson seeks redress for violations of his constitutional rights under 42 U.S.C. § 1983, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska.

Robinson alleges that he has been unlawfully convicted and/or incarcerated in several state court criminal cases because of the alleged forged document entered by Judge Acton in the Lancaster County Court of Nebraska. Indeed, he even seeks to "vacate judgment for all mentioned and effected cases adjudged void, procured by said fraud upon the court, pursuant to Rule 60 of the Federal Rules of Civil Procedure." (Filing No. 21 at CM/ECF p. 6.) Robinson's allegations do not entitle him to the relief he seeks.

Rule 60(d) of the Federal Rules of Civil Procedure states:

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

The essential elements of an independent Rule 60(d) action are:

"(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law."

*Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010) (quoting *Nat'l Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)). Independent actions for relief under subsection (d) "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244 (1944)).

Where fraud on the court is at issue, the Eighth Circuit has "emphasized that fraud on the court is distinct from mere fraud upon a party." *Superior Seafoods, Inc.*, 620 F.3d at 878 (citing *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) ("Fraud on the court which justifies vacating a judgment is narrowly defined as fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.") (internal quotation omitted))). "Relief through an independent equitable action alleging fraud on the court, then, is a truly extraordinary form of relief." *Id.*

Here, Robinson has failed to allege a fraud upon the court that would entitle him to relief in an action in equity under Rule 60(d)(1) or (3). Nowhere in the hundreds of pages of disjointed, rambling commentary does Robinson offer any sort of reasonable explanation as to why Judge Acton's appointment of Bill Chapin constitutes fraud on the court. The court understands that Robinson was unaware of the specific document created by Judge Acton until a much later date, but from his pleadings and court documents, it is clear Robinson must have been aware that Chapin was representing him after September 16, 2014. Upon careful review, Robinson's allegations do not suggest any fraud that would warrant relief under Rule 60(d)(3).

Lastly and most significantly, to the extent Robinson seeks relief that would draw into question the validity of his criminal convictions, his claims are barred by *Heck v. Humphrey*. In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that

6

necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist). Robinson did not assert that his convictions have been set aside or otherwise held invalid, and therefore, Plaintiff has not stated a cognizable claim under section 1983.

As the court previously indicated to Robinson, (filing no. 28, Case No. 8:17CV204), if Robinson actually seeks federal habeas corpus relief, i.e. to invalidate his convictions, he must first exhaust his state court remedies, specifically through the state court appellate system; file separate habeas corpus petitions for each state court judgment;[3] and any habeas action will be subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c); Rule 2(e) of the *Rules Governing Habeas Corpus Cases Under Section 2254*.

IT IS THEREFORE ORDERED that:

1.  This case is dismissed without prejudice.

2.  All pending motions (filing nos. 17, 19, 21, 22, 24, & 26–34) are denied as moot.

3.  A separate judgment will be entered.

---

[3] As noted above, Robinson has filed three habeas actions in this court which are pending initial review.

Dated this 14th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge