IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERIC M. ROBINSON, | |
|---|---|
| Plaintiff, | 8:18CV73 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on Plaintiff Eric M. Robinson's ("Plaintiff" or "Robinson") Motion for Reconsideration (filing no. 39), Motion for Supplemental Filing (filing no. 41), and what the court construes as a motion for status (filing no. 43). Robinson's motion for status is granted. The court now reviews Robinson's Motion for Reconsideration and will consider his Motion for Supplemental Filing and the other supplemental materials he filed as part of the motion. (*See* Filing Nos. 40 & 42.)[1]

Because Robinson has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[2] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

---

[1] Thus, the court grants Robinson's Motion for Supplemental Filing (filing no. 41) to the extent it will be considered along with his motion for reconsideration. The court notes that Robinson's motion and supplemental materials total approximately 130 pages.

[2] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff's motion was timely filed on March 25, 2019.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Robinson asks the court to reconsider its Memorandum and Order and Judgment (filing nos. 37 & 38) entered on March 14, 2019, dismissing Robinson's Complaint (filing no. 1) without prejudice because, *inter alia* and as best the court can determine, the court erred in treating Robinson's Complaint as a 42 U.S.C. § 1983 action, failed to consider all the materials filed in support of the Complaint, failed to liberally construe Robinson's pleadings, and generally failed to give adequate consideration to Robinson's claims. The court is unmoved by Robinson's arguments but will address those which warrant further comment.

First, Robinson takes issue with the court's characterization of his pleadings as full of "ramblings, frustrations, and commentary" and asserts that the court misused Rule 8 of the Federal Rules of Civil Procedure to avoid giving his pleadings the proper liberal construction due to pro se litigants' pleadings. (*See, e.g.*, Filing No. 40 at CM/ECF pp. 17–20.) Robinson contends that the court failed to give a "full statement of his claim," (filing no. 39 at CM/ECF p. 11), but if the court has failed to do so it is because the court cannot understand Robinson's statement of his claim as his pleadings are prolix, disjointed, and lacking in rational organization and comprehensibility. The court has done its best in liberally construing Robinson's Complaint and supplemental pleadings, but liberal construction can only go so far. Moreover, the court's obligation to liberally construe Robinson's pleadings does not relieve him from compliance with the Federal Rules of Civil Procedure, including Rule 8, no matter what type of civil action Robinson files be it a § 1983 action, special fraud proceeding, habeas, or other civil action. *See* NEGenR 1.3(g) (pro se litigants are "bound by and must comply with all local and federal procedural rules"); *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam) (concluding pro se litigants are not excused from compliance with procedural and local rules). Thus, the court finds no reason to revisit its determination that Robinson's Complaint fails to comply with Rule 8.

Robinson also challenges the court's docketing and construction of his Complaint as an action under 42 U.S.C. § 1983. Robinson asserts that he did not file this action under § 1983 but rather as a "supercharged habeas corpus, pleading for special matters" of fraud. (*See, e.g.*, Filing No. 39 at CM/ECF p. 24–25, 42; Filing No. 41 at CM/ECF pp. 1–2.) Again, because the Complaint is prolix and difficult to understand, the court did its best to liberally construe it, not only as an action under § 1983 but as seeking relief in an action in equity under Rule 60(d) for fraud on the court and, thus, generally as raising a federal question. Robinson's opposition to the court's consideration of his Complaint under 42 U.S.C. § 1983 does not change the court's conclusion that dismissal was proper based on Robinson's failure to set forth sufficient factual allegations of fraud that would

entitle him to relief under Rule 60(d)(1) or (3)[3] and that Robinson's challenges to his criminal convictions must be pursued in a habeas action according to the dictates of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Additionally, it appears Robinson misconstrues the court's construction of his Complaint's allegations as some kind of endorsement of their validity and merit. (*See* Filing No. 42 at CM/ECF pp. 8–12.) That is not the case. In stating the allegations as the court understood them, the court was merely summarizing the allegations to provide the background upon which to conduct the legal analysis of Robinson's complaint as required by 28 U.S.C. § 1915(e). While Robinson believes his claims are valid, the law requires plausible factual allegations demonstrating his entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))). As the court concluded in the Memorandum and Order

---

[3] Moreover, upon further consideration of Robinson's claims pursuant to Fed. R. Civ. P. 60(d), the court is convinced that it lacks jurisdiction to grant Robinson relief from his state criminal convictions in an action under Rule 60(d) as such rule is a federal civil rule inapplicable to state court judgments. *See Wells v. King*, 340 F. App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254."); *Byrd v. Beard*, No. CV 91-432, 2019 WL 2106382, at *2 (E.D. Pa. May 13, 2019) ("Rule 60(d), however, may not be used to allege fraud upon the state court in the underlying criminal proceeding.").

dismissing this matter, Robinson's conclusory assertions of fraud are insufficient to meet this burden.[4]

Upon consideration of Robinson's motion, the court concludes Robinson has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Reconsideration (filing no. 39) is denied.

2. Plaintiff's Motion for Supplemental Filing (filing no. 41) and motion for status (filing no. 43) are granted in accordance with this Memorandum and Order.

---

[4] Contrary to Robinson's suggestion that the court failed to consider all his hundreds of pages of documents in concluding no fraud claim had been alleged, the court did review all of his documents, and as best the court could tell, Robinson's claims focused on the CR14-9536 "Case Action Summary" allegedly forged by Lancaster County Court Judge Acton and which allegedly permeated and invalidated all his subsequent criminal proceedings. To the extent Robinson may be challenging ongoing state court proceedings (*see, e.g.*, filing no. 39 at CM/ECF pp. 41–44), the court would refrain from exercising jurisdiction over such claims under principles of abstention. *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999) ("In *Younger v. Harris,* [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances.").

Dated this 3rd day of January, 2020.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge